39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Luisa ROSALES-DEEVANGELISTA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul ROSALES, Defendant-Appellant.
 Nos. 93-50604, 93-50641.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Luisa Rosales-DeEvangelista appeals her 60-month sentence following entry of a guilty plea to conspiracy to possess heroin for distribution, in violation of 21 U.S.C. Secs. 846, 841(a)(1). Raul Rosales appeals his conviction following jury trial for possessing heroin for distribution in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291. We dismiss Rosales-DeEvangelista's appeal, and affirm Rosales's conviction.
 
 
 3
 * Background
 
 
 4
 The government indicted Rosales, Eder Perchez, Rosales-Evangelista, and Antonio Sanchez for conspiracy to possess heroin for distribution and possessing heroin for distribution. Evidence at the trial of Perchez and Rosales established that Rosales-DeEvangelista arranged to sell heroin to a government agent and two informants. Rosales entered Rosales-DeEvangelista's apartment with a white plastic bag, and left the apartment in the company of Rosales-DeEvangelista, who carried the white bag. The white bag contained heroin. Rosales-DeEvangelista talked for a moment with Sanchez while he sat in his car, and then she entered a separate car with the agent and informants. Rosales and Perchez observed the deal from their car, while Sanchez remained nearby. Rosales-DeEvangelista mentioned that Sanchez had a gun for sale and that it was "a special gun." Police officers found an assault rifle in Sanchez's trunk.
 
 
 5
 Rosales was convicted of aiding and abetting the possession of heroin for distribution, but the jury was unable to reach a verdict on the conspiracy charge.
 
 II
 Rosales's Appeal
 
 6
 Rosales contends that the district court abused its discretion by admitting irrelevant evidence of the gun that Sanchez possessed and Rosales-DeEvangelista's statement that the gun was for sale.
 
 
 7
 We review for abuse of discretion a district court's decision to admit evidence under Fed.R.Evid. 401 and 403. United States v. Shirley, 884 F.2d 1130, 1132 (9th Cir.1989). "We let jurors see and hear even marginally relevant evidence, because we trust them to weigh the evidence appropriately." United States v. Hitt, 981 F.2d 422, 423 (9th Cir.1992). In a prosecution for conspiracy to possess or distribute drugs, evidence that a coconspirator possessed a gun is relevant to show involvement in the drug trade. United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987).
 
 
 8
 Rule 403 bars evidence that "makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982).
 
 
 9
 Because Rosales was indicted for conspiring with Sanchez to possess heroin for distribution, evidence that Sanchez possessed a gun was relevant to show the coconspirator's involvement in the drug trade. See Crespo de Llano, 838 F.2d at 1018. Moreover, Sanchez's possession of a gun was one of the overt acts charged in the indictment. Rosales-DeEvangelista's statement that Sanchez's gun was for sale was also relevant. The statement can be viewed as a veiled warning to the agent and informants that Sanchez was armed and watching the transaction, and tends to prove Sachez's role in the conspiracy.
 
 
 10
 Admission of the gun evidence did not unfairly prejudice Rosales. The prosecution did not attempt to prove that Rosales possessed or exercised control over the gun, and evidence of the gun was a minor aspect of the government's case. The fact that Sanchez possessed a gun evidently did not unduly persuade the jury that Rosales conspired with Sanchez, because they failed to reach a verdict on the conspiracy charge. Furthermore, persuasive evidence showed that Rosales aided and abetted the heroin deal. The district court did not abuse its discretion by admitting the gun evidence. See Bailleaux, 685 F.2d at 1111.
 
 III
 Rosales-DeEvangelista's Appeal
 
 11
 The government moves to dismiss Rosales-DeEvangelista's appeal, contending that she was sentenced in accordance with the plea agreement and waived her right to appeal. Pursuant to Anders v. California, 386 U.S. 738 (1967), Rosales-DeEvangelista's counsel filed a brief stating that he finds no meritorious issues for review, and a motion to withdraw as counsel of record. Because our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no meritorious issues for review and no indication that the waiver of the right to appeal was invalid, we grant the government's motion to dismiss Rosales-DeEvangelista's appeal and grant her counsel's motion to withdraw. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) (dismissing appeal where defendant knowingly and voluntarily waives right to appeal and is sentenced in accordance with plea agreement).
 
 
 12
 The motion by Rosales-DeEvangelista's counsel to withdraw is GRANTED, and her appeal is DISMISSED. Rosales's conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3